IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY HOPE, | ) |
| No. N50178, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 16-cv-00327-JPG |
| | ) |
| JOHN BALDWIN, | ) |
| NURSE WELTY, | ) |
| NURSE WOODS, | ) |
| STEVE DUNCAN, | ) |
| DOCTOR COE, and | ) |
| UNKNOWN PARTIES, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Gregory Hope is an inmate currently housed in Illinois River Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to his medical care while he was housed at Lawrence Correctional Center.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on August 4, 2015, Plaintiff, who was then 62 years old, was locked in his cell when he began experiencing chest pain and numbness in his extremities. He repeatedly pushed the panic alarm and called for help, but two hours passed before anyone responded. C/O Stanley (who is not a defendant) finally appeared and attempted to secure medical assistance. Nurse Welty responded to Stanley's request by stating that she would see Plaintiff in the Health Care Unit when he was there later in the day for his scheduled insulin shot—an hour and twenty minutes later.

When Plaintiff saw Nurse Welty, despite his symptoms, Welty would not allow Plaintiff to see a doctor because she believed he had been seen by a doctor earlier in the day. According to Plaintiff, he had *not* seen a doctor. Nurse Welty also did not take Plaintiff's blood pressure or pulse; instead, Plaintiff was returned to his cell.

At 7 p.m., approximately six hours after he began experiencing symptoms, Plaintiff stopped Nurse Woods as she made her rounds dispensing medication. Plaintiff explained his situation and asked for help. Woods replied that Plaintiff would be placed on the doctor's call line.

Plaintiff was not seen by any medical personnel until he suffered a major heart attack on August 11—a week after his initial symptoms and request for medical care. During that intervening week, Plaintiff filed an emergency grievance and mailed it to Warden Duncan. The grievance detailed Plaintiff's situation and sought immediate treatment. The grievance was rejected as not presenting an emergency. Plaintiff recognizes that a designee signed the grievance response on Warden Duncan's behalf. Multiple written and oral requests to unidentified healthcare personnel were to no avail. Some nurses responded by noting that Plaintiff was on the doctor's call line. Whether that was true or not, Plaintiff was not seen by the doctor.

Just 45 minutes before his heart attack on August 11, Plaintiff had seen Nurse Hovey (who is not a defendant) for his evening insulin shot. Plaintiff presented Nurse Hovey with a written request to see a doctor regarding his chest pain. Hovey only gave Plaintiff an insulin injection and returned him to his cell. Back in his cell, Plaintiff's symptoms became much worse. He again pressed the panic alarm. An hour and forty-five minutes later, Lt. Tubbs (who is not a defendant) responded to the alarm, saw Plaintiff down on his hands and knees, and broadcasted an emergency.

According to Plaintiff, he "died" and was resuscitated twice that night  Plaintiff was taken to a local hospital and then airlifted to another hospital where he underwent surgery to alleviate an arterial blockage. His cardiologist told him that, had his week of symptoms not been ignored, his surgery would have been routine.

The complaint further asserts, "if" Lawrence Correctional Center's Dr. Coe knew of his verbal and written requests for treatment, he turned a blind eye (*see* Doc. 1, p. 11). Plaintiff further speculates that Dr. Coe "may" have violated his rights (*see* Doc. 1, p. 2).

Director of the Illinois Department of Corrections John Baldwin is named as a defendant in his official capacity solely for purposes of responding to discovery aimed at identifying the multiple individuals who failed to respond to Plaintiff's verbal and written pleas for medical treatment.

Plaintiff seeks compensatory and punitive damages.

Based on the allegations in the complaint, the Court finds it convenient to frame the allegations as a single, overarching claim.

**Count 1: Defendants were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment.**

### Discussion

*The Substantive*

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Prison officials can also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*,

593 F.3d 610, 620 (7th Cir. 2010). Even those not directly involved in providing medical care—"non-medical defendants"—can be liable. *See Perez v Fenoglio*, 792 F.3d 768, 781-782 (7th Cir. 2015).

The allegations in Count 1 regarding the failure to offer Plaintiff prompt medical care for what was, according to the Complaint, a readily apparent emergency situation, falls within the ambit of the Eighth Amendment, but that does not end the analysis.

*Personal Involvement*

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Allegations that senior officials were personally responsible for creating the policies, practices and customs that caused a constitutional deprivation can suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). However, the *respondeat superior* doctrine—supervisory liability—does not apply to actions filed under 42 U.S.C. § 1983. *See,* e.g., *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

The complaint, as summarized above, sufficiently implicates Nurse Welty, Nurse Woods, and other "unidentified parties" from whom care was sought. Consequently, Count 1 shall proceed against those defendants. Of course, the unidentified individuals involved will have to be identified and named an amended complaint.

Dr. Coe must be dismissed as a defendant. The complaint merely speculates that Coe could be liable. There is no factual underpinning to that assertion, thereby not satisfying the *Twombly* pleading threshold.

Relative to Warden Duncan, Plaintiff acknowledges that the grievance sent to the warden was denied and signed by a designee. Whether Duncan was aware of the grievance remains to be seen. Therefore Count 1 shall proceed against Duncan in his individual capacity.

*Unknown Parties*

Insofar as Director John Baldwin is named as a defendant for purposes of responding to discovery aimed at identifying the unknown parties, he will be dismissed. Given that the relevant events occurred at Lawrence Correctional Center, the warden is in a better position to identify the correctional and medical staff involved. *See generally Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Although Warden Duncan is already a defendant in his individual capacity, he shall also be included as a defendant in his official capacity for purposes of responding to discovery aimed at identifying the "unknown parties."

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendant **JOHN BALDWIN** is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Defendant **DOCTOR COE** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 1** shall otherwise **PROCEED** against Defendants **NURSE WELTY, NURSE WOODS, STEVE DUNCAN, and UNKNOWN PARTIES**, all in their individual capacities.

**IT IS FURTHER ORDERED** that Warden of Lawrence Correctional Center, **STEVE DUNCAN** (a.k.a. **STEPHEN B. DUNCAN**), or his successor in office, is **ADDED** as a defendant, in his **OFFICIAL CAPACITY**, for purposes of responding to discovery aimed at identifying the unidentified correctional and medical employees involved in the incidents at

issue in this case.

The Clerk of Court shall prepare for Defendants **NURSE WELTY, NURSE WOODS, and STEVE DUNCAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Consequently, Plaintiff's motion for service of process at government expense (Doc. 5) is **DENIED as moot**.

Service shall not be made on the unknown "John Doe" defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 20, 2016**

<u>*s/J. Phil Gilbert*</u>
**United States District Judge**