IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY HOPE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:16-CV-00327-NJR-DGW |
| | ) |
| TAMMY WELTY, KIM WOODS, STEVE DUNCAN, and UNKNOWN PARTY, | ) ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 62), which recommends that the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 41) be denied as to Defendants Tammy Welty and Kim Woods and granted as to Defendant Steve Duncan. The Report and Recommendation was entered on January 30, 2017. No objections were filed.

On March 25, 2016, Plaintiff Gregory Hope, an inmate at Lawrence Correctional Center, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his health needs (Doc. 1). Specifically, Hope claims that on August 4, 2015, around 12:45 p.m., he experienced severe chest pain and numbness in his right arm and legs. He activated his cell's panic button and yelled for medical attention, but it was two hours before anyone responded. When Hope saw Defendant Nurse Welty at 5 p.m. for his scheduled insulin shot, she refused to examine him for his heart attack

symptoms or to refer him to a doctor, and instead sent him back to his cell. Later that evening, Hope was still experiencing heart attack symptoms when Defendant Nurse Woods was making medication rounds. Hope informed Nurse Woods of his symptoms and sought medical assistance from her. Nurse Woods told Hope she would place him on the doctor's call line, but offered no further help. Hope never saw the doctor. A week later, on August 11, 2015, Hope suffered a major heart attack. He again had to wait an hour and 45 minutes before any help arrived. He was then admitted to a hospital and underwent surgery to alleviate an arterial blockage.

After an initial review of the Complaint pursuant to 28 U.S.C. § 1915A, Hope was permitted to proceed on one count of deliberate indifference in violation of the Eighth Amendment against Defendants Nurse Welty, Nurse Woods, Steve Duncan, and Unknown Parties. On August 4, 2016, Defendants Nurse Welty and Nurse Woods filed a motion for summary judgment arguing that Hope failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. §1997e, *et seq.*, prior to commencing this lawsuit (Doc. 41). Defendant Duncan joined the motion (Docs. 45, 48). Defendants argue that, other than a September 14, 2015 grievance, none of the many grievances Hope filed were properly exhausted. Furthermore, Defendants argue, the September 14, 2015 grievance failed to include sufficient detail to exhaust Plaintiff's claims against them. Thus, they claim, they are entitled to summary judgment.

Magistrate Judge Wilkerson held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), on November 21, 2016, and subsequently issued the Report and Recommendation currently before the Court. The Report and Recommendation

accurately states the nature of the evidence presented on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While a *de novo* review is not required here, the Court has considered the evidence and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. The Court agrees with Magistrate Judge Wilkerson that Hope's August 4, 2015 and September 11, 2015 grievances sufficiently identify Defendant Nurse Welty and Nurse Woods, respectively, and their actions giving rise to Hope's claims. The Court further agrees that Hope was thwarted in attempt to exhaust his grievances at the institutional level when the grievance officer failed to or refused to respond to his grievances. At the *Pavey* hearing, Hope testified that because there are no instructions regarding how to address and resolve grievances when no response is received, he submitted the grievances directed to the ARB. Magistrate Judge Wilkerson assessed the

credibility of Hope's statements and found them to be true. It is not the Court's role to second-guess Magistrate Judge Wilkerson's credibility determinations. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations").

The Court also agrees that the grievances are insufficient to exhaust Hope's claims against Defendant Duncan. None of Hope's grievances refer to Defendant Duncan by name or mention his rejection of Hope's grievances as non-emergencies. Accordingly, summary judgment shall be granted to Defendant Duncan with regard to the claims against in him in individual capacity.

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 62), **GRANTS** summary judgment as to Defendant Steve Duncan in his individual capacity, and **DENIES** summary judgment as to Defendants Tammy Welty and Kim Woods. Defendant Steve Duncan, in his individual capacity, is **DISMISSED without prejudice.**

IT IS SO ORDERED.

DATED:   March 6, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**