IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY HOPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-327-NJR-DGW |
| ) | |
| TAMMY WELTY, KIM WOODS, STEVE ) | |
| DUNCAN, and UNKNOWN PARTIES ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 49). For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

**BACKGROUND**

Plaintiff Gregory Hope filed this action *pro se* on March 25, 2016 alleging his constitutional rights were violated while he was incarcerated at Lawrence CC. Following a screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed against Nurses Welty and Woods, as well as Warden Duncan and unknown parties for failing to provide adequate medical treatment related to a heart attack he suffered in August, 2015. Plaintiff was assigned counsel on May 26, 2016 (Doc. 23) and is currently represented by Attorney John Dalton.

Plaintiff, through Attorney Dalton, seeks to amend his complaint to add additional parties and claims for relief, and include additional factual allegations. More specifically, Plaintiff seeks to add the following individuals as defendants: Linda Hovey, Patrick Riggs, Tenielle Alger,

Corrections Officer Covat, Jimmie Stanley, and Kelly Richardson. Plaintiff seeks to bring forth a claim against these individuals (as well as Defendants Woods, Welty, Duncan, and unknown parties) for failing to provide medical treatment in violation of the Eighth Amendment in both their individual and official capacities (the Court notes, however, that Plaintiff does not seek to name Defendant Duncan in his individual capacity).

Defendants have not filed a response to Plaintiff's Motion to Amend despite being provided ample time and opportunity to do so.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Here, Plaintiff's motion to amend is not unduly delayed or brought with dilatory motive. Further, Plaintiff's proposed Eighth Amendment deliberate indifference claim set forth against all

Page **2** of **4**

Defendants except Warden Duncan in their individual capacities does not appear to be futile and, as Defendants have not objected to said proposed claim, Plaintiff's Motion to Amend is **GRANTED** insofar as it relates to his individual capacity Eighth Amendment claim.

However, with regard to Plaintiff's proposed Eighth Amendment deliberate indifference claim set forth against all Defendants in their official capacities, the Court finds that Plaintiff's request to bring said claim to be futile and, insofar as his proposed amended complaint sets forth an official capacity claim against Defendants, his Motion to Amend is **DENIED**.

Notably, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 n. 55 (1978)). Accordingly, if a plaintiff brings suit against a government entity, any claim against an officer of that entity in his or her official capacity is redundant and should be dismissed. *See Schmidling v. City of Chicago*, 1 F.3d 494, 495 n. 1 (7th Cir. 1993) (dismissing the mayor from the suit in his official capacity because the same claims were being made against the city). As such, insofar as Plaintiff sets forth an official capacity claim against all other Defendants in addition to Defendant Warden Duncan, Plaintiff's claim is redundant and futile. Further, Plaintiff seeks to obtain monetary damages under Section 1983 related to his official capacity claim. As the Supreme Court has explained, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," i.e. the State itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a State is not a person within the meaning of § 1983"). As such, § 1983 claims for monetary damages against state officials in their official capacity cannot survive the pleading stage because those state officials are not "persons" for purposes of allowing suit under § 1983. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015).

Insofar as Plaintiff seeks declaratory or injunctive relief against Defendant Duncan in his official capacity, the Court finds that said relief is also barred. While the Eleventh Amendment does not bar claims for prospective injunctive relief, *see Williams v. Wisconsin*, 336 F.3d 576, 580-81 (7th Cir. 2003), there is no indication here that Plaintiff's declaratory or injunctive relief is intended to address ongoing violations of federal law. *Indiana Protection and Advocacy Services v. Indiana Family and Social Services Admin.*, 603 F.3d 365, 371 (7th Cir. 2010).

For these reasons, Plaintiff's Motion to Amend is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is **ORDERED** to file his proposed amended complaint as the Amended Complaint, in conformance with the parameters of this Order (i.e. Plaintiff must omit his claim against Defendants in their official capacities) by **March 17, 2017**.

**IT IS SO ORDERED.**

**DATED: March 9, 2017**

          **DONALD G. WILKERSON**
          **United States Magistrate Judge**